IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LLOYDENE HILL, | ) Civil No. 07-1041-JE |
| Plaintiff, | ) AMENDED FINDINGS |
| | ) AND RECOMMENDATION |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

Tim Wilborn
P.O. Box 2768
Oregon City, OR 97045

    Attorney for Plaintiff

Britannia I. Hobbs
Asst. U.S. Attorney
1000 S.W. 3rd Avenue, Suite 600
Portland, OR 97204-2902

Daphne Banay
Special Asst. U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

AMENDED FINDINGS AND RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

This Findings and Recommendation is being amended due to the transposition of the numbers 6 and 8 in the Conclusion on page 6.

Plaintiff Lloydene Hill seeks an award of attorney fees in the amount of $9,681.60 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412 et seq. Defendant, the Commissioner of Social Security (the Commissioner), acknowledges that plaintiff is entitled to recover her reasonable attorney fees, but contends that plaintiff should recover no more than $6,872.79.

For the reasons set out below, plaintiff's request for an award of $9,681.60 in attorney fees should be granted.

## Discussion

Plaintiff brought this action seeking judicial review of a decision of the Commissioner of Social Security (the Commissioner) denying her application for Social Security disability insurance benefits. In an Order filed on November 18, 2008, the Honorable Ancer Haggerty adopted my recommendation that the Commissioner's motion to remand be denied, and that the action be remanded to the agency for an award of benefits.

As the prevailing party in an action for which fees may be recovered pursuant to the EAJA, plaintiff timely sought an award of attorney fees. Tim Wilborn, plaintiff's counsel, submitted a memorandum and supporting declaration seeking recovery for a total of 56.25 hours of work performed by three attorneys on plaintiff's behalf. This includes 6.45 hours of work performed in 2007, when the EAJA hourly rate was $166.46, and 49.8 hours performed in 2008 and 2009, when the applicable EAJA rate was $172.85 per hour. Plaintiff's material

indicates that Tim Wilborn, an experienced attorney, handled many of the administrative tasks, that Betsy Stephens, a less experienced attorney, did most of the work on the briefs, and that Ralph Wilborn, a very experienced attorney, did the initial case evaluation, supervised Ms. Stephens, and reviewed and edited the briefs.

The Commissioner acknowledges that plaintiff is entitled to recover her reasonable attorney fees in the present action, and does not dispute plaintiff's calculation of the appropriate hourly rate. He contends, however, that "[t]here was no need for three attorneys to handle such a routine case," and that it was unreasonable for plaintiff's attorneys to expend more than 40 hours litigating this action before the district court. The Commissioner cites a number of social security fee application decisions in which courts have concluded that the time expended by a plaintiff's attorney was excessive, or that an award of less than 40 hours was appropriate. These include Chandler v. Secretary of HHS, 792 F.2d 70, 73 (6th Cir. 1986) (41 hours attorney spent reviewing documents, researching, and writing brief "seems excessive"); Spruil v. Bowen, 691 F. Supp. 302, 306-07 (M.D. Fla. 1988) (reducing hours for which fees awarded from 62 to 37 to reflect "billing judgment"); Silva v. Bowen, 658 F. Supp. 72 (E.D. Pa. 1987) (54 hours requested, 29 hours awarded); Patterson v. Apfel, 99 F. Supp. 2d 1212 (C.D. Cal. 2000) (37.25 hours expended in litigating merits of social security case and EAJA fee motion was reasonable).

Plaintiff correctly notes that the Commissioner has not asserted that any of her attorneys' specific billing entries are unreasonable, and that the Commissioner makes no reference to the numerous decisions in social security cases awarding prevailing claimants more hours of attorney compensation than plaintiff seeks here. These decisions include Tatum v. Barnhart, 359 F. Supp. 2d 866 (D. Alaska 2004) (compensating plaintiff for

FINDINGS AND RECOMMENDATION - 3

69 hours of work by attorney litigating merits of the action); Dunn v. Shalala, 1995 WL 23116 (N.D. Ill., Jan. 19, 1995) (awarding EAJA fees for 87.4 hours of attorney work); Bright-Jacobs v. Barnhart, 386 F. Supp. 2d 1352 (N.D. Georgia 2005) (awarding compensation for 115.65 hours of work by plaintiff's counsel); Barrientos v. Barnhart, 2004 WL 1381126 (N.D. Ill., May 7, 2004) (awarding compensation for 63.65 hours at "attorney" rate, plus compensation for 21.5 hours at lower rate for work performed by law clerk); Pouska v. Apfel, 2002 WL 1263996 (N.D. Ill., June 5, 2002) (rejecting Commissioner's contention that 66.95 hours expended by plaintiff's attorney was excessive because it exceeded award in "average" case); Smith v. Apfel, 2001 WL 199505 (N.D. Ill., Feb. 28, 2001) (awarding $15,330.55 in attorney fees for merits litigation at district court level in action in which plaintiff was represented by two attorneys); Norton v. Apfel, 2000 WL 1099905 (E.D. La., Aug. 3, 2000) (expenditure of 75.25 hours by plaintiff's attorney was reasonable); Greene v. Barnhart, 2004 WL 1529298 (D. Me., June 15, 2004) (awarding compensation for total of 65 hours of work performed by two attorneys representing plaintiff); Colesgrove v. Barnhart, 435 F. Supp. 2d 218 (W.D. N.Y. 2006) (citing decisions awarding fees for 158.55 hours, 200 hours, and 156.2 hours, and awarding fees for 90.7 hours of attorney work and 3.1 hours of paralegal work based upon fee application before it); McClain v. Barnhart, 186 F. Supp. 2d 435 (S.D. N.Y. 2002) (awarding EAJA fees in the amount of $11,952.60); Corujo v. Apfel, 2000 WL 309111 (E.D. N.Y., Mar. 22, 2000) (awarding $24,918.50 for plaintiff's attorney's work on the merits); Seamon v. Barnhart, 2006 WL 517631 (W.D. WI., Feb. 23, 2006) (awarding $8,899.78 in attorney fees for work on issue of the merits); Groskreutz v. Barnhart, 2005 WL 567814 (W.D. Wis., Feb. 28, 2005) (awarding fees for 113.55 hours of attorney work on merits issue); Nickola v. Barnhart, 2004

FINDINGS AND RECOMMENDATION - 4

WL 2713075 (W.D. Wis., Nov. 24, 2004) (awarding attorney fees for 66 hours of work on litigation of merits in social security case that "did not present any complex legal issues"); Abrego v. SSA, CV No. 04-1000-MO, slip op. at 3 (D. Or., Mar. 9, 2006) (rejecting the Commissioner's request to reduce hours for which plaintiff's attorney compensated from 80.95 to 45.00 where Commissioner "failed to present evidence regarding the unreasonableness of any time-entry"); Miller v. Barnhart, CV No. 05-331-CO, slip op. at 2-3 (D. Or., Aug.15, 2006) (recommending award for 74.33 hours of work by plaintiff's attorney, and recommending rejection of Commissioner's contention that award should be limited to 40 hours; recommendation adopted by Hon. Owen M. Panner, Sept. 13, 2006); Walker v. SSA, CV No. 06-3086-MO, slip op. (D. Or. Mar. 19, 2008) (awarding fees for 59.85 hours of work by plaintiff's attorney).

    The Commissioner may be correct in asserting that most social security cases should require no more than 40 hours of work by a plaintiff's attorney. However, because this was not an "average" case, I need not address that hypothetical issue in analyzing plaintiff's pending application to recover attorney fees for a total of 56.25 hours of work. The administrative record was unusually lengthy, totaling 1003 pages, and the case presented substantial and complex issues. Plaintiff's opening brief, opposing the Commissioner's motion to remand, was 35 pages, and the reply brief was 17 pages. This court's 24-page Findings and Recommendation reflected the complexity of the administrative record and of the factual and legal questions presented.

    As noted above, the Commissioner has cited no specific billing entry or activity that is alleged to be unreasonable, but instead simply asserts that plaintiff's representation should have required no more than 40 hours, and that the use of three attorneys added unnecessary

expense. These arguments fail. The material before the court, including the extensive administrative record and lengthy briefing, fully supports plaintiff's assertion that her attorneys reasonably devoted 56.25 hours of work to her case. In addition, the Commissioner has made no showing that the use of three attorneys unnecessarily increased the time required to adequately examine the record and prepare the briefs. In the absence of such a showing, it is just as logical to conclude that the practice employed here, under which the more experienced attorneys handled administrative matters, advised the less experienced attorney, and edited the briefs, allowed plaintiff's attorneys to litigate this action more efficiently.

## Conclusion

Plaintiff's request to recover attorneys fees in the amount of $9,681.60 (# 25) should be GRANTED.

## Scheduling Order

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due May 28, 2009. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 12th day of May, 2009.

    /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION - 6